## SADOWSKY v. ANDERSON, Collector of Internal Revenue.

Circuit Court of Appeals, Second Circuit. December 10, 1928.

No. 57.

Stein & Salant, of New York City (Morton Stein and Louis Salant, both of New York City, of counsel), for plaintiff in error.

Charles H. Tuttle, U. S. Atty., of New York City (Samuel C. Coleman, Asst. U. S. Atty., of New York City, of counsel), for defendant in error.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge. The sole question before us is the extent to which charitable gifts and donations made by the plaintiff during the years 1918 and 1919 may be deducted in calculating his income tax. There are two causes of action, one affecting his income for 1918, and one for 1919; but, as they each are governed by the same principles, our discussion may be limited to the income of the first year.

During 1918 the plaintiff received net income from a clothing manufacturing business which he owned, amounting to $493,718.70. From other sources, such as salaries, interest, rents, and dividends, he derived a net income of $125,016.94, making an aggregate net income of $618,735.64. His charitable gifts and contributions during the year were $70,604.92.

On June 26, 1919, plaintiff incorporated his manufacturing business and thereupon exercised the option, granted to him by section 330 of the Revenue Act of 1918, to have the net income from that business for the year 1918, to wit, $493,718.70, taxed "as the net income of a corporation is taxed."

Section 330 of the Revenue Act of 1918 (40 Stat. 1094), which was approved February 24, 1919, contained the following provision:

"In the case of the organization as a corporation before July 1, 1919, of any trade or business in which capital is a material income-producing factor and which was previously owned by a partnership or individual, the net income of such trade or business from January 1, 1918, to the date of such reorganization may at the option of the individual or partnership be taxed as the net income of a corporation is taxed under titles II and III; in which event the net income and invested capital of such trade or business shall be computed as if such corporation had been in existence on and after January 1, 1918, and the undistributed profits or earnings of such trade or business shall not be subject to the surtax imposed in section 211, but amounts distributed on or after January 1, 1918, from the earnings of such trade or business shall be taxed to the recipients as dividends, and all the provisions of titles II and III relating to corporations shall so far as practicable apply to such trade or business: Provided, that this paragraph shall not apply to any trade or business the net income of which for the taxable year 1918 was less than 20 per centum of its invested capital for such year: Provided further, that any taxpayer who takes advantage of this paragraph shall pay the tax imposed by section

1000 of this act and by the first subdivision of section 407 of the Revenue Act of 1916, as if such taxpayer had been a corporation on and after January 1, 1918, with a capital stock having no par value."

The Commissioner of Internal Revenue held that the tax upon the net income from the plaintiff's business in 1918 was, notwithstanding the exercise of the option, assessable against and payable by plaintiff, the individual, and not by the corporation, but in fixing the amount to be deducted for charitable contributions in computing the net income of the taxpayer he allowed only 15 per cent. of $125,016.94, which was plaintiff's income from other sources than the business afterwards incorporated, instead of allowing his contributions to the extent of 15 per cent. of his entire income from all sources. The method of calculation adopted by the Commissioner made a difference in plaintiff's tax for the year 1918 of $23,668.70, which he seeks to recover in this action.

The plaintiff contends that the statute allowing a deduction of 15 per cent. of his net income for charitable contributions is applicable to his entire net income; that the income derived from the business, though payable at corporate rates, is still *his* income, and not that of a corporation; and that he may, therefore, enjoy as to it the beneficial provisions of the section which allow a deduction of the charitable contributions of an individual taxpayer in calculating his net income to the extent of 15 per cent. thereof. Section 214 (a) (11) of the Revenue Act of 1918 (40 Stat. 1066) reads as follows:

"Contributions or gifts made within the taxable year to corporations organized and operated exclusively for religious, charitable, scientific, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, * * * to an amount not in excess of 15 per centum of the taxpayer's net income as computed without the benefit of this paragraph. * * * "

Judge Thacher sustained the ruling of the Commissioner, and we can see no escape from his reasoning. The taxpayer, in availing himself of the provisions of section 330 and incorporating his business, exercised a valuable option. He avoided the high surtax rates of 1918, which would have been levied on income, had it been taxed against him as an individual. He was subjected to nothing but the corporate tax on all undistributed net earnings that had remained in the business and secured the corporate rate of 12 per cent. Section 330 provides that in such an event the net income of the business "be taxed as the net income of a corporation is taxed under titles II and III." The provisions relating to the taxation of the income of corporations include no deduction for charitable contributions. This fact, in connection with the language of the statute as to how the income from the business is to be taxed, seems to determine the case against the taxpayer.

But it is said that the income, though taxed as that of a corporation, remained the income of an individual, and was so returned under the ruling of the Commissioner; that section 330 merely fixed new percentages for the tax, and did not deprive the plaintiff of the deductions allowed by section 214 (a) (11) for charitable contributions. It is true that the business income remained that of an individual, but section 330 not only says that it shall "be taxed as the net income of a corporation is taxed," but that it "shall be computed as if such corporation had been in existence on and after January 1, 1918." By this language the method of computation and rate and mode of taxation are brought under sections 232 to 236 of the act (40 Stat. 1077, 1080), and the taxpayer receives no benefits from section 214 (a) (11).

The fact that the allowance of charitable gifts was not cut off where income of individuals derived from capital gains was taxed at special rates under section 206 of the Revenue Act of 1921 (42 Stat. 232), and that it was similarly available where dividends of prior years were received in 1917, or subsequent years, but taxed at prior years' rates, cannot extend the deduction to income derived from plaintiff's clothing business. The option in those cases related merely to rates, and was accompanied by no language providing for the *"computation"* of the income as that of a corporation.

While the income all belongs to the plaintiff, yet, under the scheme of taxation prescribed by the statute, it is as fully divided as though the "corporation had been in existence" all along. Had that been the case, the 15 per cent. deduction could only have been taken upon the $125,016.94 of income arising from sources other than the manufacturing business, and the business income would have been computed with no such allowance. The Commissioner properly computed the plaintiff's income upon this hypothesis, and accordingly made no deduction for charitable contributions in calculating the taxable income from the business.

Judgment affirmed.